AMERICAN EXPRESS CO. ET AL. *v.* UNITED STATES

No. 5463.—Invoices dated Paris, France, August 27, 1935, etc.
Entered at New York September 3, 1935, etc.
Entry No. 723732, etc.

(Decided October 14, 1941)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is stipulated and agreed, by and between the parties hereto, subject to the approval of the Court, that the items marked "A" and checked W. R. S. by Examiner W. R. Shapiro on the invoices of the entries covered by the reappraisements enumerated in the annexed schedule "A" consists of bottles and boxes similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc., C. A. D. 146.*

It is further stipulated and agreed, by and between the parties hereto, that said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed, by and between the parties hereto, that the issue with respect to said merchandise covered by the reappraisements enumerated in said schedule "A" is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed, by and between the parties hereto, that as to those cases where the importer added on entry under duress to meet previous advances made by the Appraiser in similar cases, the appraised value of the merchandise, less the addition made by the importer on entry under duress to meet the advances of the Appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation, or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture, who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed, by and between the parties hereto, that as to those cases where the Appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipluated and agreed, by and between the parties hereto, that the reappraisements enumerated in said schedule "A" be abandoned as to all merchandise excepting bottles and boxes marked "A" on the invoices.

It is further stipulated and agreed, by and between the parties hereto, that the reappraisements enumerated in said schedule "A" be deemed submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles and boxes identified on the invoices by the items marked A and checked W. R. S. by Examiner W. R. Shapiro, wherein the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised values thereof, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

As to the bottles and boxes identified on the invoices by the items marked A and checked W. R. S. by Examiner W. R. Shapiro, advanced in value by the appraiser, the entered values thereof.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.